Filed 8/18/15  Egelhoff v. Bojkovsky CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LAURIE EGELHOFF,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>SIMON BOJKOVSKY et al.,<br><br>    Defendants and Respondents. | G050885<br><br>(Super. Ct. No. INC1207926)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on August 17, 2015, be modified as follows:

On page 1, the first sentence of the editorial paragraph, the word "Orange" is replaced with the word "Riverside" so that the sentence reads:

"Appeal from an order of the Superior Court of Riverside County, Harold W. Hopp, Judge.  Affirmed."

There is no change in the judgment.

IKOLA, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

MOORE, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| LAURIE EGELHOFF, | |
| Plaintiff and Appellant, | G050885 |
| v. | (Super. Ct. No. INC1207926) |
| SIMON BOJKOVSKY et al., | O P I N I O N |
| Defendants and Respondents. | |


Appeal from an order of the Superior Court of Orange County, Harold W. Hopp, Judge.  Affirmed.

Joshua R. Furman Law Corp. and Joshua R. Furman, for Plaintiff and Appellant.

Law Office of James M. Graff-Radford and James M. Graff-Radford for Defendants and Respondents Simon Bojkovsky and Allison Bojkovsky.

Rhona S. Kauffman for Defendant and Appellant Simon Bojkovsky.

Law Office of Rodney Lee Soda and Rodney Lee Soda for Defendant and Respondent Allison Bojkovsky.

Law Office of Michael A. Kruppe, Michael A. Kruppe and Christian D. Molloy for Defendant and Respondent Pacific Lightwave.

\* \* \*

This case is a shareholder derivative lawsuit alleging the controlling shareholders, who also control the board of directors, are looting the company. Plaintiff Dale Egelhoff is the minority shareholder.[1] He appeals from an order denying a motion for a preliminary injunction that would have prevented Simon and Allison Bojkovsky (defendants and controlling shareholders) from using funds of the company, Pacific Lightwave, "to enrich themselves, directly or indirectly," and would have appointed a receiver "to approve all expenditures of [Pacific Lightwave] and to ensure that said expenditures are solely for the proper and usual business expenses of [Pacific Lightwave]." The court found Egelhoff had failed to demonstrate irreparable harm and that the proposed injunction would be too difficult to administer. On appeal, Egelhoff claims the court employed the wrong legal standard, and, in any event, the ruling was an abuse of discretion on the evidence before the court.

We affirm. The trial court correctly applied the irreparable-harm standard, and the court's finding that the alleged monetary losses are not irreparable harm was within the court's discretion.

## FACTS

We begin with the observation that the issuance of a preliminary injunction must be based on declarations or a verified complaint. (Code Civ. Proc., § 527, subd.

---

[1] During the pendency of this appeal, Dale Egelhoff passed away. Laurie Egelhoff substituted in as the personal representative of his estate.

2

(a).)  Here, the complaint was not verified, and the declarations provide a meager factual record.  In his appellate brief, Egelhoff attempted to fill in some of those gaps with factual assertions that have no accompanying record citations.  We will not consider those assertions.  What follows is what we can glean from the evidence properly before the trial court.

Pacific Lightwave is in the business of providing internet, phone service, IT service, network infrastructure, and WiFi hot spots.  Defendants Simon and Allison Bojkovsky each own one-third of the shares of Pacific Lightwave and are directors.  In his complaint, Egelhoff claims to own one-half of the shares of the company.[2]  Under circumstances not revealed by the record, defendants had previously sued Egelhoff and obtained a preliminary injunction preventing him from utilizing Pacific Lightwave's "customer information, core equipment configuration file, and passwords."  Egelhoff was also ordered not to contact Pacific Lightwave's customers or compete with Pacific Lightwave for those customers.  As part of that same lawsuit, defendants successfully petitioned the court to appoint a provisional director.

Egelhoff filed this action as a derivative suit against defendants.  Among the allegations were that defendants "have used the debit cards for [Pacific Lightwave's] business checking account to go on shopping sprees" in an amount totaling at least $150,000.  On the day Egelhoff filed the complaint, he also filed an ex parte application for a temporary restraining order and an order to show cause re: preliminary injunction. He sought an order "restraining Defendants . . . from using any funds of [Pacific Lightwave] to enrich themselves, directly or indirectly."  Additionally, he sought an order to show cause for a similar preliminary injunction and also for "the appointment of a receiver or referee to approve all expenditures of [Pacific Lightwave] and to ensure that said expenditures are solely for the proper and usual business expenses of PLW."

---

[2]     Plainly, there is a dispute about ownership, but the record does not reveal the nature of the dispute.

The evidence Egelhoff proffered consisted of 188 pages of bank records Egelhoff's attorney had obtained in connection with the other litigation. The bank records span from January to September of 2012, and list the debits to the account during that time period. They contain a large number of purchases at clothing retailers such as MyHabit.com and Gilt Groupe; an even larger number of transactions at Amazon.com (it appears to be several purchases per day for the entire time period); and a smaller number of purchases at retailers such as HauteLook, Juicy Couture, Abercrombie.com, Saks Direct, and Zappos.com. Egelhoff himself did not provide a declaration, and thus the only evidence in support of the application was the bank records.[3]

The trial court (not the same judge handling the other litigation) issued a temporary restraining order preventing defendants from "expending *any* funds of Pacific Lightwave." (Italics added.)

In response, defendants submitted declarations stating they had been given no notice of the temporary restraining order hearing. Allison Bojkovsky declared, "I have not to my understanding used or misused any corporate funds and fully dispute the allegations asserted . . . . I would disclose that there have been a number of fraudulent charges that have been reported to the bank and for which the bank is investigating and, as a result has cancelled various cards associated with certain account or accounts." Similarly, Simon Bojkovsky declared, "I am not aware of any facts that would necessitate a receiver being brought into this litigation, however, my wife and I are currently dealing with the bank looking into what appears to be a third party fraudulently using debit or credit card numbers and an open file is pending."

The case was ultimately transferred to the trial judge handling the other litigation to adjudicate the order to show cause re: preliminary injunction. The court

---

[3] Egelhoff's counsel submitted a declaration filled largely with argument, and without any personal knowledge of the facts, except that he had obtained the bank records in the course of discovery in the other lawsuit.

4

declined to issue a preliminary injunction and dissolved the temporary restraining order. The court expressed its rationale as follows: "I think this would be way too hard to administer, and also I think there has not been a showing of irreparable harm." Egelhoff timely appealed.

DISCUSSION

Egelhoff's first argument is that the court "did not engage in the proper analysis to determine if there could be irreparable harm or not, or if the need to demonstrate irreparable harm was partially or completely mitigated." "[I]f the trial court had properly examined whether Egelhoff had a likelihood of success on the merits, a sufficiently conclusive finding could permit a presumption of irreparable injury."

"As its name suggests, a *preliminary* injunction is an order that is sought by a plaintiff *prior to a full adjudication of the merits of its claim.* [Citation.] To obtain a preliminary injunction, a plaintiff ordinarily is required to present evidence of the irreparable injury or interim harm that it will suffer if an injunction is not issued pending an adjudication of the merits. [Citation.] [¶] Past California decisions further establish that, as a general matter, the question whether a preliminary injunction should be granted involves two interrelated factors: (1) the likelihood that the plaintiff will prevail on the merits, and (2) the relative balance of harms that is likely to result from the granting or denial of interim injunctive relief." (*White v. Davis* (2003) 30 Cal.4th 528, 554.) "We review an order granting a preliminary injunction under an abuse of discretion standard." (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109.)

Egelhoff's contention seems to be that his argument on the merits was so strong as to require the court to presume irreparable injury as a matter of law. (See *Jay Bharat Developers, Inc. v. Minidis* (2008) 167 Cal.App.4th 437, 444 ["Based upon respondents' showing of likelihood of success on its claims, we conclude that the trial

5

court could presume irreparable injury"].)  Although Egelhoff has cited cases *permitting* the court to presume irreparable injury on a sufficiently strong showing on the merits, he has not cited any case that *required* the court to presume irreparable harm as a matter of law.

Egelhoff's showing was insufficient to require the court to presume irreparable injury.  The bank records certainly raise serious questions about whether someone has been using the company bank account to fund personal transactions, but they leave just as many questions unanswered.  For example, were defendants involved in the purchases at all?  Defendants suggest the purchases may have been a result of third-party fraud.  Were the purchases being paid back using personal funds?  The majority of the charges on the statements are from Amazon.com.  Were those business related or not?  Was this the company's only account or just one of many?  How do these charges compare to the overall revenue of the business?  Ultimately, although Egelhoff had one good piece of evidence, he did not persuasively prove he would win on the merits, and thus the court was correct to consider whether Egelhoff had demonstrated irreparable harm.

Next Egelhoff contends he did prove irreparable harm and the court abused its discretion in finding otherwise.

"'[A]n injunction is an unusual or extraordinary equitable remedy which will not be granted if the remedy at law (usually damages) will adequately compensate the injured plaintiff.'"  (*Department of Fish & Game v. Anderson-Cottonwood Irrigation Dist.* (1992) 8 Cal.App.4th 1554, 1565.)  Here, Egelhoff has shown nothing more than Pacific Lightwave may suffer monetary damages.  While it is true that, as Egelhoff points out, "insolvency or the inability to otherwise pay money damages is a classic type of irreparable harm" (*California Retail Portfolio Fund GMBH & Co. KG v. Hopkins Real Estate Group* (2011) 193 Cal.App.4th 849, 857), Egelhoff offered no evidence at all concerning defendants' ability to pay damages.  Since there was no evidence of

6

insolvency, the court was within its discretion in finding Egelhoff did not prove irreparable harm.

## DISPOSITION

The order is affirmed.  Defendants shall recover their costs on appeal.[4]


IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.

---

[4] Egelhoff filed a motion to strike Pacific Lightwave's brief on the ground that "a nominal defendant corporation generally may not defend a derivative action filed on its behalf." (*Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 1005.)  We deny the motion.  Unlike the typical derivative situation where the company only stands to benefit from a money judgment, here Egelhoff sought an injunction that arguably could have disrupted the business operations of Pacific Lightwave to its detriment.

7